# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| HAROLD D. PEEBLES, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. CIV-07-187-RAW-SPS |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of the Social ) | |
| Security Administration, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

The claimant Harold D. Peebles requests judicial review pursuant to 42 U.S.C. § 405(g) of the decision of the Commissioner of the Social Security Administration ("Commissioner") denying his application for benefits under the Social Security Act. The claimant appeals the decision of the Commissioner and asserts that the Administrative Law Judge ("ALJ") erred in determining he was not disabled. For the reasons discussed below, the Commissioner's decision should be REVERSED and REMANDED.

## Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act only "if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work in the national

economy[.]" *Id*. § 423 (d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. *Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997) [citation omitted]. The term substantial evidence has been interpreted by the United States Supreme Court to require "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). The Court may not reweigh the evidence nor substitute its discretion for that of the agency. *Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the Court must review the record as a whole, and "[t]he substantiality of evidence must take

---

[1] Step one requires the claimant to establish he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires the claimant to establish he has a medically severe impairment (or combination of impairments) that significantly limits his ability to do basic work activities. *Id*. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity, or if his impairment is not medically severe, disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. pt. 404, subpt. P, app. 1. If the claimant suffers from a listed impairment (or impairments "medically equivalent" to a listed impairment), he is determined to be disabled without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must show he does not retain the residual functional capacity (RFC) to perform his past relevant work. The burden then shifts to the Commissioner to establish at step five that there is work he can perform existing in significant numbers in the national economy, taking into account the claimant's age, education, work experience and RFC. Disability benefits are denied if the Commissioner shows that the claimant's impairment does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

### Claimant's Background

The claimant was born on December 22, 1954, and was 51 years old at the time of the supplemental administrative hearing. He has a GED and previously worked as a truck driver. He alleges he has been unable to work since December 28, 1999, because of residuals from a back injury and prior back surgery.

### Procedural History

The claimant filed an application for disability benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434, on August 23, 2002, which application was denied. ALJ Michael Kirkpatrick found the claimant not disabled on February 24, 2004, but the undersigned Magistrate Judge issued a report in Case No. CIV-04-319-RAW recommending that the decision be reversed and remanded for further analysis of the treating physician's opinion and a functional capacity evaluation. The Court adopted the recommendation and remanded the case for further proceedings. The ALJ conducted a supplemental hearing but again found the claimant not disabled on January 25, 2007. The Appeals Council denied review, so the second decision by the ALJ represents the Commissioner's final decision for purposes of this appeal. 20 C.F.R. § 404.981.

### Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He determined that the claimant retained the residual functional capacity ("RFC") to perform light work that

did not require more than occasional stooping (Tr. 273). The ALJ concluded that although the claimant could not return to his past relevant work, he was nevertheless not disabled because there was work he could perform existing in significant numbers in the regional and national economies, *e. g.*, cashier, cafeteria attendant, and poultry processor (Tr. 274).

**Review**

The claimant's sole contention is that the ALJ failed to follow the Court's ruling in CIV-04-319-RAW with regard to the opinion of his treating physician Dr. Stephen Hochschuler and the findings made on the claimant's functional capacity assessment. The undersigned Magistrate Judge finds that the ALJ *did* err by failing to properly analyze Dr. Hochschuler's opinion that the claimant should avoid bending and twisting.

The record reveals that the claimant began seeing Dr. Hochschuler in July 2000. He suffered from grade I spondylolisthesis of L5 on S1 associated with spondylolysis and a herniated disc, and although Dr. Hochschuler recommended surgery, he warned it was not an emergency and the claimant should take his time deciding. He warned the claimant that even with surgery, it was likely he would not be able to return to his past work as a truck driver (Tr. 149). The claimant underwent back surgery in October 2000 and after initial improvement he began experiencing increased discomfort (Tr. 145-46). Because he was doing better in January 2001, Dr. Hochschuler recommended the claimant start cross-training at the Texas Rehab Commission (Tr. 144). By July 2001, however, the claimant was experiencing episodes of his back locking up and some numbness in his legs (Tr. 140). In October 2001, one year post surgery, Dr. Hochschuler recommended retraining of the

claimant into another type of work, noting the claimant had reached maximum medical improvement, and concluded he should avoid any bending and twisting (Tr. 139).

The claimant's medical records were reviewed by non-examining agency physicians in February 2001 and December 2002. All the physicians found that the claimant was limited to light work, *i. e.*, lifting and/or carrying 20 pounds occasionally and ten pounds frequently, and standing, sitting, and walking for a total of six hours in an eight-hour workday, and he could only perform occasional stooping (Tr. 159-66, 173-80).

The ALJ discussed Dr. Hochschuler's opinions that the claimant was unable to return to his past work as a truck driver and that he should avoid any bending and twisting. He seemingly adopted Dr. Hochschuler's opinion that the claimant could not perform his past work, *i. e.*, he concluded "[t]here is no doubt that claimant should not return to 'heavy' work," but he rejected Dr. Hochschuler's opinion that the claimant should avoid "'any bending, twisting, etc.'" (Tr. 268). He determined that the opinion was not entitled to controlling weight because it was "not well supported by medically acceptable clinical and diagnostic techniques and because it [was] inconsistent with other substantial medical evidence of record." *See*, *e. g.*, *Langley v. Barnhart*, 373 F.3d 1116, 1119 (10th Cir. 2004) (noting that a medical opinion of a treating physician must be given controlling weight if "'the opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques . . . [and] consistent with other substantial evidence in the record.'"), *quoting Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003). The ALJ then found the opinion was not entitled to "substantial weight" and referenced the pertinent factors set forth in 20

C.F.R. § 404.1527(d)(2). *See id.* at 1119 ("Even if a treating physician's opinion is not entitled to controlling weight, '[t]reating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in [§] 404.1527.'"), *quoting Watkins*, 350 F.3d at 1300.² In reaching his determination, the ALJ concluded: (i) that Dr. Hochschuler was a qualified orthopedist and that "[a]t the time he offered his opinion, [he] had a [*sic*] ongoing treatment relationship with claimant;" (ii) that "Dr. Hochschuler did not see claimant after October 25, 2001, the date he offered this opinion[;]" (iii) that Dr. Hochschuler's recommendation that the claimant undergo a functional capacity evaluation made "[his] statement that claimant should avoid doing 'any bending, twisting, etc.' [appear] pro forma, that is, offered in a perfunctory, off handed manner[;]" and, (iv) that Dr. Hochschuler's opinion "[was] not supported by appropriate clinical findings . . . [and was] inconsistent with the preponderance of the credible evidence of record[.]" (Tr. 268-69).

However, in order to reject Dr. Hochschuler's opinion that the claimant should not engage in any bending or twisting, the ALJ was required to give "specific, legitimate reasons." *Watkins*, 350 F.3d at 1301 ("[I]f the ALJ rejects the opinion completely, he must then give specific, legitimate reasons for doing so."), *citing Miller v. Chater*, 99 F.3d 972,

---

² The pertinent factors include the following: (i) the length of the treatment relationship and the frequency of examination; (ii) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (iii) the degree to which the physician's opinion is supported by relevant evidence; (iv) consistency between the opinion and the record as a whole; (v) whether or not the physician is a specialist in the area upon which an opinion is rendered; and, (vi) other factors brought to the ALJ's attention which tend to support or contradict the opinion. *Watkins,* 350 F.3d at 1300-01, *citing Drapeau v. Massanari,* 255 F.3d 1211, 1213 (10th Cir. 2001).

976 (10th Cir.1996) [internal quotations omitted]. Here, the ALJ's reasons appear to be specific in nature, but they do not all appear to be legitimate. For example, the ALJ appears to negate his finding that Dr. Hochschuler offered ongoing orthopedic treatment to the claimant by noting that Dr. Hochschuler did not see the claimant after he rendered his opinion that the claimant should avoid bending and twisting. The record actually reveals that at the claimant's October 2001 appointment, Dr. Hochschuler determined the claimant had reached maximum medical improvement, referred him for a functional capacity evaluation to determine any further restrictions, and told the claimant to return to see him "solely prn." (Tr. 139). None of this evidence appears to undermine Dr. Hochschuler's conclusion that the claimant should avoid bending and twisting. Also, the ALJ dismisses Dr. Hochschuler's opinion as "pro forma, that is, offered in a perfunctory, off handed manner" when there is nothing in the record to support such a conclusion. The ALJ may not speculate on the reasons underlying Dr. Hochschuler's opinion or substitute his opinion for that of the claimant's doctor. *See*, *e. g.*, *McGoffin v. Barnhart*, 288 F.3d 1248, 1252 (10th Cir. 2002) ("[A]n ALJ may not make speculative inferences from medical reports and may reject a . . . physician's opinion outright only on the basis of contradictory medical evidence and not due to his or her own credibility judgments, speculation or lay opinion.") [quotation omitted]. *See also Miller*, 99 F.3d at 977 ("The ALJ may not substitute his own opinion for that of claimant's doctor."), *citing Sisco v. United States Department of Health & Human Services*, 10 F.3d 739, 743 (10th Cir. 1993) and *Kemp v. Bowen*, 816 F. 2d 1469, 1475 (10th Cir. 1987).

Further, the ALJ indicated that he agreed with the opinions of the non-examining agency physicians that the claimant could perform light work with only occasional stooping and did not include Dr. Hochschuler's limitations on bending and twisting in the claimant's RFC (Tr. 159-66, 173-80, 272-73).³ But in doing so, the ALJ failed to explain why he found opinions from non-examining agency physicians preferable to those from the claimant's treating physician. *See Robinson v. Barnhart*, 366 F.3d 1078, 1084 (10th Cir. 2004) ("The opinion of an examining physician is generally entitled to less weight than that of a treating physician, and the opinion of an agency physician who has never seen the claimant is entitled to the least weight of all. Thus, the ALJ erred in rejecting the treating-physician opinion of Dr. Baca in favor of the non-examining, consulting-physician opinion of Dr. Walker absent a legally sufficient explanation for doing so."), *citing* 20 C.F.R. § 404.1527(d)(1),(2); Soc. Sec. Rul. 96-6p, 1996 WL 374180, at *2. *See also Hamlin v. Barnhart*, 365 F.3d 1208, 1223 (10th Cir. 2004) ("If an ALJ intends to rely on a nontreating physician or examiner's opinion, he must explain the weight he is giving to it."), *citing* 20 C.F.R. § 404.1527(f)(2) (ii).

Accordingly, the decision of the Commissioner should be reversed and the case remanded to the ALJ for a proper analysis of Dr. Hochschuler's opinion that the claimant should avoid any bending and twisting. On remand, the ALJ should reconsider Dr. Hochschuler's opinion in accordance with the appropriate standards and determine what impact, if any, such reconsideration has on the claimant's ability to work.

---

³ The February 2001 opinion from the non-examining agency physician was eight months prior to Dr. Hochschuler's opinion that the claimant should avoid bending and twisting.

## Conclusion

The undersigned Magistrate Judge finds that incorrect legal standards were applied by the ALJ and the decision of the Commissioner is therefore not supported by substantial evidence. Accordingly, the Magistrate Judge RECOMMENDS that the ruling of the Commissioner of the Social Security Administration be REVERSED and REMANDED for further proceedings as set forth above. Parties are herewith given ten (10) days from the date of this service to file with the Court Clerk any objections with supporting brief. Failure to object to the Report and Recommendation within ten (10) days will preclude appellate review of the judgment of the District Court based on such findings.

**DATED** this 27th day of June, 2008.

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**